UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER DANIEL GAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:21-cv-00933 |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

Petitioner Christopher Daniel Gay, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a pro se, in forma pauperis petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. No. 1).[1] Gay challenges the execution of his 2021 federal sentence by the Bureau of Prisons ("BOP"). (Id. at 6-8). The BOP has responded in opposition, urging the Court to dismiss the petition for failure to exhaust administrative remedies and because Gay has not shown any error in his sentence computation. (Doc. No. 19). The BOP also has filed a Motion for Leave to File Document Under Seal. (Doc. No. 22).

I.     **Background**

In June 2020, pursuant to a Rule 11(c)(1)(C) plea agreement, Gay pleaded guilty to conspiracy to commit wire fraud and to interstate transportation of stolen property. (Ex. 1, Crim Doc. No. 25, Amended Plea Agreement; Ex. 2, Crim. Doc. No. 31, Report & Recommendation; Ex. 3, Crim. Doc. No. 32, Order). As part of that agreement, Gay stipulated that he was responsible for causing more than a $550,000 loss and that an 84-month sentence of imprisonment would be appropriate. (Ex. 1, Crim. Doc. No. 25, Amended Plea Agreement at 4-5). The United States, in turn, agreed that it would

---

[1] Citations to the record in this case are designated "Doc. No. _." Citations to the record in the underlying criminal case in the Eastern District of Tennessee (Case No. 4:20-cr-05) are designated "Crim. Doc. No. _."

not oppose Gay's request that his federal sentence run concurrently to any state sentence imposed for related conduct. (Id. at 5).

Gay's applicable guideline range was 360 months to life imprisonment, restricted by the 10- and 20-year statutory maximums for the two offenses of conviction, which yielded an effective range of 360 months. (Ex. 11, Crim. Doc. No. 74, Sealed Statement of Reasons; Ex. 10, Crim. Doc. No. 56, Sealed Presentence Report at ¶¶ 131-32). In calculating that range, the probation office noted that Gay, then 46 years old, already had earned 57 criminal history points—over four times the minimum for the highest possible criminal history category. (Ex. 10, Crim. Doc. No. 56, Sealed Presentence Report at 3 and ¶ 100). In March 2021, the Court considered the 18 U.S.C. § 3553(a) factors, accepted the plea agreement, and imposed the agreed-upon term of 84 months' imprisonment. (Ex. 4, Crim. Doc. No. 73, Judgment). The Court agreed to run that sentence concurrently to any sentence imposed in four enumerated case numbers from Rutherford, Sumner, and Wilson Counties in Tennessee and from Wythe County in Virginia. (Id. at 2). The Court recommended that the BOP grant Gay credit for all time in custody following his arrest in Virginia on January 28, 2019. (Id.; see also Ex. 7, Crim. Doc. No. 109, Sentencing Tr. at 13).

Gay subsequently was sentenced to an aggregate eight-year sentence for his offenses in Rutherford and Wilson Counties in Tennessee, and he is currently serving those sentences in Tennessee's Riverbend Maximum Security Institution with a projected release date in September 2027. See generally Tennessee Dep't of Corrections, Felony Offender Information, available at https://apps.tn.gov/foil-app/search.jsp (accessed April 29, 2022) (search for TDOC ID 00290581).

## II. Motion for Leave for File Document Under Seal

Respondent has filed a Motion to Leave to File Document Under Seal. (Doc. No. 22). Specifically, Respondent seeks permission to file Exhibits 10 and 11 under seal. Exhibit 10 is Gay's revised pre-sentence report, and Exhibit 11 is a sealed Statement of Reasons from Gay's criminal conviction in the Eastern District of Tennessee.

It is customary for federal pre-sentence reports to be filed under seal. Gay's Statement of Reasons was filed under seal in the Eastern District of Tennessee, where he was convicted and sentenced. Accordingly, the Court finds it appropriate to grant Respondent's Motion. (Doc. No. 22). The requested exhibits will be placed under seal.

## III. Analysis

Petitioner seeks relief pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the Unites States[.]" The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016). A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). Sixth Circuit precedent allows prisoners to seek such relief "when sentencing credits are miscalculated." Woody v. Marberry, 178 F. App'x 468, 471 (6th Cir. 2006).

A federal prisoner is required to completely exhaust his administrative remedies prior to seeking habeas review of the BOP's calculation of the prisoner's sentencing credits. United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir.1992). The BOP has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative

Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. See 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the regional director, who has 30 days to respond. See 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the regional director's response, the prisoner can file a BP-11 Form to appeal to the general counsel at the central office, who has 40 days to respond. See 28 C.F.R. §§ 542.15, 542.18. Dismissal of a Section 2241 petition is proper where a petitioner has failed to exhaust his remedies through the BOP's administrative remedy program. Settle v. Bureau of Prisons, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

Respondent seeks the dismissal of Gay's petition on the grounds that he has not satisfied the exhaustion requirement or established that his federal sentence has been miscalculated. (Doc. No. 19). Regarding exhaustion, Gay alleges in his Section 2241 petition that he wrote to the BOP on three occasions in 2021[2] seeking information about his "sentence status." (Doc. No. 1 at 2). He also alleges that he filed a "Nunc Pro Tunc Designation of Federal Sentence" and "[w]ent online for sentence status [and] could not locate sentence information." (Doc. No. 1 at 2). However, Gay has not provided the Court with copies of his requests to the BOP. See Boyd v. Corr. Corp. of Am., 380 F.3d 989, 995-96 (6th Cir. 2004) (stating that a prisoner must provide documentation or otherwise "describe with specificity the administrative proceeding and its outcome.").

Gay further alleges that he has "not received responses to his requests" to the BOP (Doc. No. 1 at 2) and "[t]hey are refusing to respond to anything." (Id. at 8). Thus, Gay acknowledges that he has not exhausted the "multi-tiered administrative grievance process" applicable to him before initiating this action. See Fleming v. Dir., Bureau of Prisons, No. 2:22-cv-10080, 2022 WL 982233, at *2 (E.D. Mich. Mar. 30, 2022).

---

[2] Later in his petition, Gay alleges that he has "written 23 request[s] and ha[s] not received one response back." (Doc. No. 1 at 8).

While the Court acknowledges Gay's frustration with the BOP's purported failure to respond to his requests to date, the Court nonetheless finds that he cannot abandon the process. See Fleming, 2022 WL 982233, at *2. Gay must complete the administrative process, or at least attempt to do so, before seeking federal habeas relief under 28 U.S.C. § 2241. Because Gay has failed to exhaust his administrative remedies, his Section 2241 petition will be dismissed without prejudice to his ability to refile upon exhaustion.

To the extent Gay asserts that he should not be required to exhaust federal administrative remedies because he is incarcerated in a non-federal facility (see Doc. No. 1 at 3), this argument is without merit. See Madinah v. Marberry, No. 05-CV-73801-DT, 2006 WL 2365129, at *1 (E.D. Mich. Aug. 15, 2006). "[A] non-federal inmate must exhaust the administrative remedies available to federal inmates, even if that means that the individual will have to wait until he is a federal inmate before pursuing a hearing on his application." Id., (quoting Arashi v. United States, No. 94 Civ. 7603 (CSH), 1995 WL 358676, *3 (S.D.N.Y. June 14, 1995)). See Settle, 2017 WL 8159227, at *2 (affirming the district court's dismissal of Section 2241 petition where petitioner argued that he was not required to exhaust his administrative remedies through the BOP because "pursuit of 'administrative relief from the [BOP] . . . [did] not apply to him' because he [wa]s not currently confined in a federal facility").

In any event, Gay has not shown that any sentencing credit was miscalculated. In March 2021, Gay was sentenced in the Eastern District of Tennessee to a well-below-guidelines term of 84 months' imprisonment, to be served concurrently with any sentences imposed in four enumerated state cases. Gay is currently in state custody due to his state sentences. "Logically, a federal sentence cannot begin to run any earlier than the date on which it was imposed." Williams v. Wilson, No. 6:10-cv-275, 2011 WL 2560274, at *4 (E.D. Ky. June 28, 2011). "[E]ven when a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run

concurrently only with the undischarged portion of the prior state conviction." Id. (emphasis in original). Because Gay was sentenced to an 84-month federal sentence less than 13 months ago, he cannot show that he is overserving his federal sentence due to an alleged computation error by the BOP or that his continued confinement violates the Constitution or federal law.

The BOP has "authority to order that a prisoner serve his federal sentence in any suitable prison facility" and "may therefore order that a prisoner serve his federal sentence in a state prison." Setser v. United States, 566 U.S. 231, 235 (2012) (citing 18 U.S.C. § 3621(b)). "[W]hen a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." Id. The BOP "sometimes makes this designation while the prisoner is in state custody and sometimes makes a nunc pro tunc designation once the prisoner enters federal custody." Id. at 235 n.1 (emphasis added); see also Federal Bureau of Prisons, Program Statement 5160.05(9)(b)(4), available at https://www.bop.gov/policy/progstat/5160_005.pdf (accessed Apr. 30, 2022). However, this authority "belongs only to the BOP . . . ." United States v. Profitt, No. 3:06-cr-136, 2014 WL 408299, at *4 (S.D. Ohio Feb. 3, 2014). That is because the BOP has exclusive authority, "not reviewable by any court," to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b); accord Tapia v. United States, 564 U.S. 319, 331 (2011) (reiterating that a sentencing court's recommendations are not binding on the BOP).

Regarding the time Gay spent in custody before his federal sentencing, Congress explicitly provided that a federal prisoner may receive credit for time spent in pretrial detention only if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress has made clear that a defendant could not receive a double credit for his detention time."). The Sixth Circuit has consistently held that if a prisoner has

received credit towards a state sentence for time spent in custody, he may not also receive credit toward his federal sentence for that same period of time. E.g., Garrett v. Snyder, 41 F. App'x 756, 757 (6th Cir. 2020); United States v. Lytle, 565 F. App'x 386, 392 (6th Cir. 2014). It is undisputed that the Court, when imposing Gay's federal sentence, recommended that Gay receive credit toward his federal sentence for all time in custody after his arrest in Virginia on January 28, 2019. (Ex. 4, Crim. Doc. No. 73, Judgment at 2). At that time the Court understood, based on Gay's representations, that all the state charges had already been dismissed, i.e., that Gay would not otherwise have received credit for that time in custody. (Ex. 7, Crim. Doc. No. 109, Sentencing Tr. at 13-15). In fact, Gay's Tennessee cases were still pending, and the publicly available records from the Tennessee Department of Correction show that Gay has been granted sentence credit, since January 29, 2019, toward his sentence from Rutherford County, Tennessee. See Tennessee Dep't of Corrections, Felony Offender Information, available at https://apps.tn.gov/foil-app/search.jsp (accessed Apr. 29, 2022) (search for TDOC ID 00290581). It seems, then, that Gay is ineligible for any jail credit as to time he spent in custody before his federal sentencing in March 2021. See Williams, 2011 WL 2560274, at *4 ("while the BOP may make a nunc pro tunc designation of a state facility—which would allow the federal sentence to begin running concurrently with a state sentence that is being served—the federal sentence cannot start any earlier than the date on which it is imposed"). As Respondent points out, the BOP—not the Court—is best suited to calculate Gay's federal sentence, including any credit for time served. See United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001). That is why Gay is required to seek an answer from the BOP and exhaust each level of review available to him before filing a federal lawsuit.

In his request for relief, Gay states: "I don't know the status of my federal sentence. I need to know that federal sentence is currently running. And every day currently being served in counting toward federal sentence." (Doc. No. 1 at 8). However, for the reasons discussed herein, Gay's fears

about the manner in which the BOP may calculate his federal sentence are premature and speculative. Once Gay completes his state sentences, the BOP will determine how much, if any, time remains on his federal sentence, which the Court ordered to run concurrently with the state sentences.

**III.    Conclusion**

For the reasons discussed herein, Respondent's Motion for Leave to File Document Under Seal (Doc. No. 22) will be granted. The Clerk will be directed to file Exhibits 10 and 11 (Doc. No. 21) under seal.

Further, Respondent's Motion to Dismiss (Doc. No. 19) will be granted, and Gay's pro se petition under 28 U.S.C. § 2241 for the writ of habeas corpus (Doc. No. 1) will be denied without prejudice to his ability to refile upon exhaustion.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F. App'x 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); see also Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process"). Thus, Gay need not request a Certificate of Appealability from this Court or the Sixth Circuit should he seek to appeal this action.

If Gay files a notice of appeal, he must either pay the entire $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917 or obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court

certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the party must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE